IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT -6 PM 3: 45

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| CONSOLIDATED CONTAINER COMPANY, LP )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>WARREN UNILUBE, INC. )<br>)<br>Defendant. )<br>) | **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>Case No.: 05-2371-BV |

WHEREAS, documents or information containing confidential financial, commercial or proprietary information and/or trade secrets not publicly disclosed or generally known may be produced or disclosed by parties or non-parties in the course of discovery proceedings in this action; and

WHEREAS, disclosure of such confidential information may injure a producing party or non-party; and

WHEREAS, the parties wish to proceed expeditiously with discovery and to minimize the necessity for objections and piecemeal motions for protective orders, and have negotiated and agreed to the terms of this Consent Agreement and Protective Order Governing Confidential Information (the "Protective Order") to be entered by the Court, which will govern all confidential information produced or disclosed in this action; and

WHEREAS, the Court has considered the terms of the Protective Order and has determined that good cause has been shown for the entry of such order.

16481.27-413906 v1

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-7-05

(40)

IT IS, THEREFORE, ORDERED THAT the following rules and procedures shall govern all documents produced and all information obtained through discovery in this action.

1. Any party or non-party may designate information provided or disclosed in discovery in this action as confidential, upon a good faith belief that such discovery response or disclosure contains sensitive financial, commercial, trade secret, proprietary or other non-public information ("Confidential Information"), including but not limited to information that is subject to a confidentiality agreement between the producing party or non-party and a third party or that refers to the business plans or prospects, business operations, customer lists and accounts, employee records and compensation, contracts, and finances of the parties to this action, and such other entities as the parties may hereafter designate by supplement to this Protective Order.

2. All documents and discovery responses, of whatever type, which the producing party or non-party believes contain Confidential Information shall be designated as confidential at the time of production by notifying the non-producing party in writing that the producing party or non-party considers the information produced to be Confidential Information. The producing party or non-party may retain the original of any document identified as confidential; provided, however, that the non-producing parties shall have the right to examine and copy the originals. In the event a producing party or non-party inadvertently fails to identify a document as confidential, then upon request of the party or nonparty such document shall thereafter be treated as confidential.

3. Confidential Information shall be used solely for the purposes of prosecuting and/or defending this action, subject to the terms and conditions set forth in this Protective Order, and not for any other purposes.

4. Counsel of record for the parties and persons regularly employed by such attorneys or their firms, when working in connection with this action under the supervision of attorneys of said firms (collectively, "Counsel"), shall be permitted access to Confidential Information. Counsel may disclose Confidential Information only to:

   a. the parties and their officers, directors, or employees, but only to the extent such disclosure is necessary to assist Counsel in the conduct of the litigation;

   b. deponents in this action not otherwise permitted access to Confidential Information under this order, pursuant to paragraph 8 below;

   c. the Court in connection with this litigation only;

   d. independent experts and consultants (including in-house experts and consultants) consulted by or assisting a party in this action, pursuant to paragraph 9 below.

   e. any other person on such terms and conditions as the parties may agree or the Court may direct.

5. No person to whom Confidential Information is disclosed pursuant to the provisions of paragraph 4 above shall disclose Confidential Information to any person not entitled under the terms of this Protective Order to receive it.

6. The restrictions of this Protective Order apply to the information designated as confidential; accordingly, the effect of this Protective Order cannot be avoided by replicating Confidential Information in any way or form. No summary or copy of any Confidential Information or document shall be made by any person, other than at the express direction of the attorneys to whom disclosure was first made. Any such summary or copy shall be subject to the

16481.27-413906 v1

terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

7. Confidential Information shall be utilized in pretrial depositions only in a manner calculated to preserve the confidentiality of such information. Any portions of a deposition transcript may be designated as confidential as follows: the party or non-party seeking confidential treatment shall, within twenty (20) days of the actual receipt of the deposition transcript or entry of this Protective Order, whichever first occurs, serve upon the parties a list of the page and line numbers to be designated as confidential. Alternatively, the parties may agree that the entire deposition shall be designated as confidential. During the 20 days following actual receipt of the deposition transcript, the entire deposition will be deemed confidential.

8. If any Confidential Information is to be marked as a deposition exhibit, such deposition exhibits shall be bound and marked "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" by the reporter. Any deponent not entitled to disclosure pursuant to the terms of this Protective Order and not otherwise bound by its terms, who reviews any of the Confidential Information, shall read this Protective Order, state on the record that he or she understands that the Confidential Information is subject to this Protective Order, and state on the record that he or she agrees to be bound by its terms. The deponent shall not be permitted to retain a copy of any of the Confidential Information, absent written agreement of the parties or court order, but shall be permitted to review any Confidential Information that is introduced or used in exhibits in his or her deposition at the time he or she reviews the transcript prior to signing it. Only persons entitled to receive Confidential Information pursuant to paragraph 4 above may attend those portions of depositions at which testimony concerning and exhibits constituting Confidential Information may be disclosed.

9. Prior to disclosure of Confidential Information to any person set forth in Paragraph 4(d) above, the disclosing party shall inform such person that Confidential Information shall be used for the purposes of the prosecution or defense of this action only. The disclosing party also shall obtain from such person a signed Confidentiality Agreement in the form of Exhibit A, annexed hereto. Counsel shall keep a record of all persons to whom disclosure of Confidential Information is made, and counsel shall retain in their possession, custody, and control all Confidentiality Agreements signed by such persons. For good cause shown, counsel shall make such records and Confidentiality Agreements available for inspection upon reasonable request of any other party to this Order.

10. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by settlement, judgment, or exhaustion of all appeals, Counsel and all other persons who have received Confidential Information shall return or destroy (as the parties may then agree) all such Confidential Information, including all copies thereof, to the producing parties or non-parties concerned, and shall destroy all notes, memoranda and/or other documents containing information therefrom. Counsel for each party shall confirm, in writing, that the requirements of this paragraph have been met. Notwithstanding the foregoing, the parties' counsel may retain, after final disposition of this lawsuit, one copy of their respective work product that contains Confidential Information, provided that the Confidential Information so retained shall not be disclosed or used for any purpose except disclosure required by court order, in which case the attorney required to disclose such information shall promptly provide the designating party with written notice of the demand for disclosure and shall refrain from disclosing such information for a period of no less than ten (10) days from issuance of such court order to enable the designating party to seek relief from the ordering court.

11. In addition to other prohibited disclosures, this Protective Order shall be construed to prohibit disclosure of Confidential Information to the public, to any print and/or broadcast medium, and/or any branch, division, sub-division, or agency of any governmental authority, state or federal, unless compelled by force of law.

12. Nothing contained herein shall operate to prevent any producing party or non-party from disclosing its own Confidential Information. Nothing contained herein shall impose any restrictions on the use or disclosure by any party or person of documents obtained independently of discovery proceedings in this action.

13. The entry of this Protective Order does not waive any rights the parties may have to object on any grounds to the use of any Confidential Information as evidence at any trial or hearing in this action. Disclosure of any Confidential Information by any person or in any manner not permitted by this Protective Order shall not result in a waiver or otherwise limit the right of the parties to enforce the provisions of this Protective Order.

14. Nothing in this Protective Order shall preclude any party from seeking further or different relief. This Protective Order may be modified by written agreement of the parties, or by order of the Court. Any party may move for a ruling that a document, category of documents or other information designated as Confidential Information is not entitled to such status and protection.

15. The provisions of this Protective Order shall survive the final disposition and termination of this lawsuit.

16. It is the intention of the parties to submit this Order to the Court for approval. Nonetheless, this Order shall be effective as between the parties immediately upon execution by

16481.27-413906 v1

counsel for the parties. Any designation of Confidentiality hereunder shall not be effected by reason of the fact that it may have taken place prior to, or in lieu of, a final entry of this Order.

This the 6th day of October, 2005.

_Diane K. Vescovo_
~~The Honorable J. Daniel Breen~~
United States Magistrate Judge

CONSENTED TO:

        ARMSTRONG ALLEN, PLLC

BY: _____
        Lucian T. Pera, Esq. (#11641)
        Amy M. Pepke, Esq. (#18174)
        80 Monroe Avenue, Suite 700
        Memphis, TN 38103-2467
        Telephone: (901) 523-8211
        Facsimile: (901) 522-0201


        ALSTON & BIRD, LLP


BY: Christina Hull Eikhoff /km
        Steven M. Collins, Esq. (Admitted Pro Hac Vice)
        Christina Hull Eikhoff, Esq. (Admitted Pro Hac Vice)
        1201 West Peachtree Street
        Atlanta, GA 30309
        Telephone: (404) 881-7000
        Facsimile: (404) 881-7777

ATTORNEYS FOR PLAINTIFF CONSOLIDATED
CONTAINER COMPANY, L.P.

BASS, BERRY & SIMS PLLC

BY: _____
John Golwen (#14324)
Mary Katherine Hovious (#20136)
100 Peabody Place, Suite 900
Memphis, TN 38103-3672
Telephone: (901) 543-5900
Facsimile: (901) 543-5999


WYRICK ROBBINS YATES & PONTON LLP

BY: _____
Benjamin N. Thompson (Admitted Pro Hac Vice)
Christine F. Mayhew (Admitted Pro Hac Vice)
Post Office Drawer 17803
Raleigh, North Carolina 27619
Telephone: (919) 781-4000
Facsimile: (919) 781-4865

ATTORNEYS FOR DEFENDANT WARREN UNILUBE, INC.

16481.27-413906 v1

# EXHIBIT "A"

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION SUBJECT TO CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF TENNESSEE, WESTERN DIVISION

The undersigned hereby acknowledges that he or she has read the Consent Confidentiality and Protective Order Governing Confidential Information in the action entitled *Consolidated Container Company, LP v. Warren Unilube, Inc.*, Civil Action No. 05-2371-BV, understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned further understands that violation of the Consent Confidentiality and Protective Order Governing Confidential Information shall be punishable by the contempt powers of the Court, including imposition of a fine in the amount of the damages sustained by a producing party or non-party and an award of costs and attorneys' fees.

_____
(Date)

_____
(Signature)

_____
Name (Print)

Business address:

_____

_____

_____

16481.27-413906 v1

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in case 2:05-CV-02371 was distributed by fax, mail, or direct printing on October 7, 2005 to the parties listed.

---

Steven M. Collins
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309--342

Benjamin N. Thompson
WYRICK ROBBINS YATES & PONTON, LLP
4101 Lake Boone Trail
Ste. 300
Raleigh, NC 27607

Lucian T. Pera
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Amy Pepke
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Christine F Mayhew
WYRICK ROBBINS YATES & PONTON
4101 Lake Boone Trail
Ste 300
Raliegh, NC 27607

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Christina Hull Eikhoff  
Alston & Bird LLP  
One Atlantic Center  
1201 West Peachtree Street  
Atlanta, GA 30309--342  

Honorable J. Breen  
US DISTRICT COURT