FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE   05 DEC 16 PM 12: 43
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| CONSOLIDATED CONTAINER COMPANY, LP ) | |
| ) | **AMENDED AND SUPERSEDING** |
| Plaintiff, ) | **CONSENT CONFIDENTIALITY** |
| ) | **AND PROTECTIVE ORDER** |
| V. ) | |
| ) | Case No.: 05-2371-BV |
| WARREN UNILUBE, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

WHEREAS, documents or information containing confidential financial, commercial or proprietary information and/or trade secrets not publicly disclosed or generally known may be produced or disclosed by parties or non-parties in the course of discovery proceedings in this action; and

WHEREAS, disclosure of such confidential information may injure a producing party or non-party; and

WHEREAS, the parties wish to proceed expeditiously with discovery and to minimize the necessity for objections and piecemeal motions for protective orders, and have negotiated and agreed to the terms of this Amended and Superseding Consent Agreement and Protective Order Governing Confidential Information (the "Amended Protective Order") to be entered by the Court, which will govern all confidential information produced or disclosed in this action; and

WHEREAS, the Court has considered the terms of the Amended Protective Order and has determined that good cause has been shown for the entry of such order.

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 12-16-05

16481.27-426200 v1

IT IS, THEREFORE, ORDERED THAT the following rules and procedures shall govern all documents produced and all information obtained through discovery in this action.

1. Any party or non-party may designate information provided or disclosed in discovery in this action as confidential, upon a good faith belief that such discovery response or disclosure contains sensitive financial, commercial, trade secret, proprietary or other non-public information ("Confidential Information"), including but not limited to information that is subject to a confidentiality agreement between the producing party or non-party and a third party or that refers to the business plans or prospects, business operations, customer lists and accounts, employee records and compensation, contracts, and finances of the parties to this action, and such other entities as the parties may hereafter designate by supplement to this Amended Protective Order.

2. All documents and discovery responses, of whatever type, which the producing party or non-party believes contain Confidential Information shall be designated as confidential at the time of production by notifying the non-producing party in writing that the producing party or non-party considers the information produced to be Confidential Information. The producing party or non-party may retain the original of any document identified as confidential; provided, however, that the non-producing parties shall have the right to examine and copy the originals. In the event a producing party or non-party inadvertently fails to identify a document as confidential, then upon request of the party or nonparty such document shall thereafter be treated as confidential.

3. Confidential Information shall be used solely for the purposes of prosecuting and/or defending this action, subject to the terms and conditions set forth in this Amended Protective Order, and not for any other purposes.

16481.27-426200 v1

4. Counsel of record for the parties and persons regularly employed by such attorneys or their firms, when working in connection with this action under the supervision of attorneys of said firms (collectively, "Counsel"), shall be permitted access to Confidential Information. Counsel may disclose Confidential Information only to:

   a. the parties and their officers, directors, or employees, but only to the extent such disclosure is necessary to assist Counsel in the conduct of the litigation;

   b. deponents in this action not otherwise permitted access to Confidential Information under this order, pursuant to paragraph 8 below;

   c. the Court in connection with this litigation only;

   d. independent experts and consultants (including in-house experts and consultants) consulted by or assisting a party in this action, pursuant to paragraph 9 below.

   e. any other person on such terms and conditions as the parties may agree or the Court may direct.

5. No person to whom Confidential Information is disclosed pursuant to the provisions of paragraph 4 above shall disclose Confidential Information to any person not entitled under the terms of this Amended Protective Order to receive it.

6. A subset of the Confidential Information produced may be designated as "Attorney's Eyes Only," and such material shall not be disclosed to any person except Counsel, and persons identified in Sections 4(c), 4(d) and 4(e) above. Designation of documents as "Attorney's Eyes Only" constitutes Counsel's certification that such person has reviewed the documents so designated and has made the determination that such documents contain

confidential, proprietary, financial pricing or other information that should not be provided to a party, pursuant to Rule 26(c).

Confidential Information that a party wishes to designate as "Attorney's Eyes Only" shall be stamped with the legend: "CONFIDENTIAL – ATTORNEY'S EYES ONLY" on each page containing such material. Any written discovery response containing "Attorney's Eyes Only" Confidential Information shall be bound separately from responses not containing such Confidential Information. Additionally, any party producing documents designated as "Attorney's Eyes Only" shall also produce, to the extent possible, a second copy of each document redacted of all "Attorney's Eyes Only" information so that the parties will have access to information within the document that is not subject to the "Attorney's Eyes Only" designation.

7. The restrictions of this Amended Protective Order apply to the information designated as confidential; accordingly, the effect of this Amended Protective Order cannot be avoided by replicating Confidential Information in any way or form. No summary or copy of any Confidential Information or document shall be made by any person, other than at the express direction of the attorneys to whom disclosure was first made. Any such summary or copy shall be subject to the terms of this Amended Protective Order to the same extent as the information or document from which such summary or copy is made.

8. Confidential Information shall be utilized in pretrial depositions only in a manner calculated to preserve the confidentiality of such information. Any portions of a deposition transcript may be designated as confidential or "Attorney's Eyes Only" as follows: the party or non-party seeking confidential treatment shall, within twenty (20) days of the actual receipt of the deposition transcript or entry of this Amended Protective Order, whichever first occurs, serve upon the parties a list of the page and line numbers to be designated as confidential or

"Attorney's Eyes Only." Alternatively, the parties may agree that the entire deposition shall be designated as confidential or "Attorney's Eyes Only." During the 20 days following actual receipt of the deposition transcript, the entire deposition will be deemed confidential or "Attorney's Eyes Only."

9. If any Confidential Information is to be marked as a deposition exhibit, such deposition exhibits shall be bound and marked "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" by the reporter. Any deponent not entitled to disclosure pursuant to the terms of this Amended Protective Order and not otherwise bound by its terms, who reviews any of the Confidential Information, shall read this Amended Protective Order, state on the record that he or she understands that the Confidential Information is subject to this Amended Protective Order, and state on the record that he or she agrees to be bound by its terms. The deponent shall not be permitted to retain a copy of any of the Confidential Information, absent written agreement of the parties or court order, but shall be permitted to review any Confidential Information that is introduced or used in exhibits in his or her deposition at the time he or she reviews the transcript prior to signing it. Only persons entitled to receive Confidential Information pursuant to paragraph 4 above may attend those portions of depositions at which testimony concerning and exhibits constituting Confidential Information may be disclosed. In the course of a deposition, the attorney taking the deposition or the attorney defending the deposition may designate a portion of the deposition as "Attorney's Eyes Only," the notification of which would require the removal from the deposition of any parties without right to access "Attorney's Eyes Only" information, as set forth in Section 6 above. Counsel bear the duty and responsibility to exercise this option in good faith and to remove the "Attorney's Eyes Only"

restriction as soon as the "Attorney's Eyes Only" designation is no longer necessary for the deposition testimony.

10. Prior to disclosure of Confidential Information to any person set forth in Paragraph 4(d) above, the disclosing party shall inform such person that Confidential Information shall be used for the purposes of the prosecution or defense of this action only. The disclosing party also shall obtain from such person a signed Confidentiality Agreement in the form of Exhibit A, annexed hereto. Counsel shall keep a record of all persons to whom disclosure of Confidential Information is made, and counsel shall retain in their possession, custody, and control all Confidentiality Agreements signed by such persons. For good cause shown, counsel shall make such records and Confidentiality Agreements available for inspection upon reasonable request of any other party to this Order.

11. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by settlement, judgment, or exhaustion of all appeals, Counsel and all other persons who have received Confidential Information shall return or destroy (as the parties may then agree) all such Confidential Information, including all copies thereof, to the producing parties or non-parties concerned, and shall destroy all notes, memoranda and/or other documents containing information therefrom. Counsel for each party shall confirm, in writing, that the requirements of this paragraph have been met. Notwithstanding the foregoing, the parties' counsel may retain, after final disposition of this lawsuit, one copy of their respective work product that contains Confidential Information, provided that the Confidential Information so retained shall not be disclosed or used for any purpose except disclosure required by court order, in which case the attorney required to disclose such information shall promptly provide the designating party with written notice of the demand for disclosure and shall refrain from

disclosing such information for a period of no less than ten (10) days from issuance of such court order to enable the designating party to seek relief from the ordering court.

12.     In addition to other prohibited disclosures, this Amended Protective Order shall be construed to prohibit disclosure of Confidential Information to the public, to any print and/or broadcast medium, and/or any branch, division, sub-division, or agency of any governmental authority, state or federal, unless compelled by force of law.

13.     Nothing contained herein shall operate to prevent any producing party or non-party from disclosing its own Confidential Information. Nothing contained herein shall impose any restrictions on the use or disclosure by any party or person of documents obtained independently of discovery proceedings in this action.

14.     The entry of this Amended Protective Order does not waive any rights the parties may have to object on any grounds to the use of any Confidential Information as evidence at any trial or hearing in this action. Disclosure of any Confidential Information by any person or in any manner not permitted by this Amended Protective Order shall not result in a waiver or otherwise limit the right of the parties to enforce the provisions of this Amended Protective Order.

15.     The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving notice from the producing party that materials have been inadvertently produced, all such materials (including all copies) shall be returned to counsel of record for the producing party within five working days of receipt of such notice, unless application is made to the Court within such period to challenge the claim of privilege.

16. Nothing in this Amended Protective Order shall preclude any party from seeking further or different relief. This Amended Protective Order may be modified by written agreement of the parties, or by order of the Court. Any party may move for a ruling that a document, category of documents or other information designated as Confidential Information or "Attorney's Eyes Only" is not entitled to such status and protection.

17. The provisions of this Amended Protective Order shall survive the final disposition and termination of this lawsuit.

18. It is the intention of the parties to submit this Amended Protective Order to the Court for approval. Nonetheless, this Amended Protective Order shall be effective as between the parties immediately upon execution by counsel for the parties. Any designation of Confidentiality hereunder shall not be effected by reason of the fact that it may have taken place prior to, or in lieu of, a final entry of this Amended Protective Order.

This the 15th day of December, 2005.

_Diane K. Vescovo_
~~The Honorable J. Daniel Breen~~
U.S. Magistrate Judge

CONSENTED TO:

        ARMSTRONG ALLEN, PLLC

BY: *Amy M. Pepke (w/ permission by M. Horan)*
      Lucian T. Pera, Esq. (#11641)
      Amy M. Pepke, Esq. (#18174)
      80 Monroe Avenue, Suite 700
      Memphis, TN 38103-2467
      Telephone: (901) 523-8211
      Facsimile: (901) 522-0201

        ALSTON & BIRD, LLP

BY: *Christy Hull Eikhoff (w/ permission by M. Horan)*
      Steven M. Collins, Esq. (Admitted Pro Hac Vice)
      Christy Hull Eikhoff, Esq. (Admitted Pro Hac Vice)
      1201 West Peachtree Street
      Atlanta, GA 30309
      Telephone: (404) 881-7000
      Facsimile: (404) 881-7777

      ATTORNEYS FOR PLAINTIFF CONSOLIDATED
      CONTAINER COMPANY, L.P.

16481.27-426200 v1

BASS, BERRY & SIMS PLLC

BY: _____
John Golwen (#14324)
Mary Katherine Hovious (#20136)
100 Peabody Place, Suite 900
Memphis, TN 38103-3672
Telephone: (901) 543-5900
Facsimile: (901) 543-5999


WYRICK ROBBINS YATES & PONTON LLP

BY: _____
Benjamin N. Thompson (Admitted Pro Hac Vice)
Christine F. Mayhew (Admitted Pro Hac Vice)
Post Office Drawer 17803
Raleigh, North Carolina 27619
Telephone: (919) 781-4000
Facsimile: (919) 781-4865

ATTORNEYS FOR DEFENDANT WARREN UNILUBE, INC.

16481.27-426200 v1

EXHIBIT "A"

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION SUBJECT TO AMENDED AND SUPERSEDING CONSENT CONFIDENTIALITY AND ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF TENNESSEE, WESTERN DIVISION

The undersigned hereby acknowledges that he or she has read the Amended and Superseding Consent Confidentiality and Protective Order Governing Confidential Information in the action entitled *Consolidated Container Company, LP v. Warren Unilube, Inc.*, Civil Action No. 05-2371-BV, understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned further understands that violation of the Amended and Superseding Consent Confidentiality and Protective Order Governing Confidential Information shall be punishable by the contempt powers of the Court, including imposition of a fine in the amount of the damages sustained by a producing party or non-party and an award of costs and attorneys' fees.

_____
(Date)

_____
(Signature)

_____
Name (Print)

Business address:

_____

_____

_____

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 2:05-CV-02371 was distributed by fax, mail, or direct printing on December 16, 2005 to the parties listed.

---

Christina Hull Eikhoff
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309--342

Benjamin N. Thompson
WYRICK ROBBINS YATES & PONTON, LLP
4101 Lake Boone Trail
Ste. 300
Raleigh, NC 27607

Lucian T. Pera
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Steven M. Collins
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309--342

Amy Pepke
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Christine F Mayhew
WYRICK ROBBINS YATES & PONTON
4101 Lake Boone Trail
Ste 300
Raliegh, NC 27607

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT